J-S01018-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MARIA DANIECE STARVIS | : | |
| | : | No. 1295 MDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence June 28, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007679-2015

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                     **FILED JANUARY 30, 2018**

Maria Daniece Starvis ("Appellant") appeals from the judgment of sentence entered after the trial court convicted her of driving under the influence ("DUI") of a controlled substance (marijuana).[1]  Upon review, we affirm.

The trial court detailed the underlying facts as follows:

> In a Non-Jury trial, the Commonwealth presented one witness, who was Trooper Raymond Rutter of the Pennsylvania State Police.  At the time of the nonjury trial, Trooper Rutter had worked since 2013 for the Pennsylvania State police, where he was trained about driving under the influence, including ARIDE, and training on standardized field sobriety tests.  The trooper had been a part of over 100 DUI investigations, and had made around 80 arrests for DUI.  The trooper explained that he looked at the totality of the circumstances and used his training and experience

---

[1]  75 Pa.C.S.A. § 3802(d)(2).

when investigating a DUI. The totality of the circumstances refers to the vehicle's motions, such as weaving, going off the road, crossing either the left or right lines, varying speeds, as well as the officer's interactions with the driver. When the officer interacts with the driver, there are several different things that may indicate DUI, including field testing results, glassy and bloodshot eyes, drug or alcohol odors, slurred speech and other interactions during the stop.

The trooper testified that at 2:15 a.m. on September 21, 2015, the trooper was driving on Interstate 83 when he observed Appellant's vehicle weaving back and forth. He followed the vehicle and observed it crossing the fog line four times and observed its speed varying. Then, the trooper conducted a stop, suspecting a DUI. Appellant was the driver of the vehicle.

When the trooper interacted with [Appellant], he observed that she had dilated pupils, and bloodshot, glassy eyes. He also smelled a strong odor of marijuana coming from the vehicle. During his testimony, the trooper explained that the bloodshot, glassy eyes can indicate impairment from marijuana.

Then, the trooper asked Appellant about her marijuana use. At first, Appellant said that it had been a few months since she last smoked marijuana. Next, Appellant said she had smoked marijuana earlier that day. Then, when the trooper asked how many hours ago she smoked, Appellant said four hours, but then she added "two songs." The trooper assumed Appellant may have been referencing karaoke or songs as a time frame, though he was unsure what she meant by the time frame of "two songs."

Based on the totality of the circumstances, the trooper arrested Appellant for suspicion of DUI and transported her for blood draw. Specifically, the trooper indicated that the totality of the circumstances suggested that she was under the influence of marijuana.

Field sobriety tests were performed, though some were not done or were modified because Appellant had recent surgery on her leg and because she had a rod in her

leg. Specifically, the trooper administered the modified Romberg and lack of convergence tests.

In the modified Romberg test, the trooper told Appellant to tilt her head back with her eyes closed and, then, when she estimated the 30 seconds was over, to bring her head down and tell the trooper to stop. For suspected marijuana use, the officer looks for whether the eyelids flutter as well as the variation from the 30 seconds during that test. When Appellant performed the test, she stopped at 44 seconds, rather than 30 seconds. This indicated to the trooper that there was some impairment.

Then, the lack of convergence test was performed. During the lack of convergence test, the officer looks for whether or not the eyes converge when the officer brings a pen or finger doing circles slowly into the nose's bridge. In other words, the test is to see if the eyes cross. During the test, the officer observed a lack of convergence in that Appellant's right eye did not converge, which further indicated to the officer that there was impairment.

[Appellant was charged with DUI and proceeded to a bench trial.] During the non-jury trial, the dashcam video was played, which showed the Appellant's vehicle crossing the fog line several times as well as the field sobriety testing.

Trial Court Opinion, 10/5/17, at 2-6 (citations to notes of testimony and footnotes omitted).

At the conclusion of trial on June 1, 2017, the trial court found Appellant guilty of DUI under Section 3802(d)(2).[2] On June 28, 2017, the trial court

_____

[2] Section 3802(d)(2) states in relevant part:

(d)    Controlled substances – An individual may not drive, operate or be in actual physical control of the

sentenced Appellant to 72 hours to six months' imprisonment, and imposed a $1,000 fine and court costs. Appellant filed a timely post-sentence motion on June 29, 2017, in which she challenged the weight of the evidence and requested a new trial. The trial court denied Appellant's motion on July 24, 2017, and Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents a single issue for our review:

> Whether the trial court erred in denying [Appellant's] challenge to the weight of the evidence where the Commonwealth may have shown ingestion of marijuana but failed to prove any actual impairment in light of her driving, coherence, and cooperation.

Appellant's Brief at 4.

Appellant argues that the trial court erred in denying her post-sentence motion, and claims her DUI conviction was contrary to the weight of the

---

> movement of a vehicle under any of the following circumstances:
>
> . . .
>
> (2)  The individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(d)(2).

The trial court *nolle prossed* counts 1 and 2, DUI under Sections 3802(d)(1)(i) and 3802(d)(1)(iii), respectively, and found Appellant not guilty of counts 4 and 5, summary traffic offenses. *See* N.T., 6/1/2017, at 39.

- 4 -

evidence. Our standard of review for whether a verdict is against the weight of the evidence is well settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and internal citations omitted). A "true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." *Commonwealth v. Thompson*, 106 A.3d 742, 758 (Pa. Super. 2014) (internal citation omitted). To prevail on a weight of the evidence challenge, "the evidence must be so tenuous, vague, and uncertain that the verdict shocks the conscience of the court." *Commonwealth v. Talbert*, 129 A.3d 536, 546 (Pa. Super. 2015) (internal quotations and citations omitted), *appeal denied*, 138 A3d 4 (Pa. 2016). This Court must consider whether the trial court's decision constituted a

palpable abuse of discretion.[3] Where the record adequately supports the trial court, the trial court has acted within the limits of its judicial discretion.

Appellant argues that the weight of the evidence shows that although she may have smoked marijuana, such consumption did not impair her driving. Appellant's Brief at 12. Appellant further contends that the "[f]ootage of her driving shows no serious infractions, she was coherent and cooperative after being pulled over, and the tests that purportedly established impairment were not standardized and were performed by an officer who was not a drug recognition expert." *Id.*

In arguing that the trial court abused its discretion, Appellant relies, in part, upon this Court's decision in **Commonwealth. v. Etchison**, 916 A.2d 1169 (Pa. Super. 2007). Appellant contends that **Etchison** requires proof of actual, present impairment, and that "evidence of marijuana ingestion is not enough to sustain a conviction like [hers]." Appellant's Reply Brief at 1. Appellant further relies on our recent decision in **Commonwealth v. Gause**, 164 A.3d 532, 537 (Pa. Super. 2017), *appeal denied*, 173 A.3d 267 (Pa. 2017). She attempts to discredit, *inter alia*, her "eyelid tremors and perception of time during the Romberg test" and the opinion of "a non-expert in drug recognition," by citing several secondary sources that address the

---

[3] An abuse of discretion may be found when the trial court reaches a manifestly unreasonable judgment, misapplies the law, or bases its decision on partiality, prejudice, bias, or ill-will. **See, e.g., Clay**, 64 A.3d at 1056.

supposed "peculiarities of marijuana intoxication." ***See*** Appellant's Brief at 13-15; Appellant's Reply Brief at 3-6. The Commonwealth responds that Appellant "makes light of the substantial amount of evidence presented to establish her impairment," and argues that Appellant attempts to challenge the sufficiency of the evidence.[4] Brief of Commonwealth at 18. We agree that Appellant fails to articulate a viable weight claim.

A new trial is warranted only when the verdict is so contrary to the evidence that it shocks one's sense of justice. ***See, e.g., Commonwealth v. Konias***, 136 A.3d 1014, 1022 (Pa. Super. 2016) (internal quotations and citations omitted), ***appeal denied***, 145 A.3d 724 (Pa. 2016). Here, the trial court found no merit to Appellant's weight claim, and explained:

> [T]his court found that there was evidence of driving impairment based on the trooper's testimony and the dashcam video. While Appellant was driving, she was weaving to the extent that she crossed over the line multiple times, and her speed varied. Contrary to Appellant's argument, one turn signal and pulling over does not mean she was not impaired. Those actions mean she had some presence of mind to use a turn signal and not flee—plenty of DUI drivers obey **some** of the traffic laws and some pull over without fleeing. However, they are still impaired. In addition, during the stop, the trooper asked her several times when she had last smoked, and her third answer was four hours and then "two songs" which did not make much sense to the trooper, or to the [trial c]ourt for that matter.

---

[4] Appellant responds to the Commonwealth's assertion: "To be clear, it is a weight claim. This is because there is evidence in the record that, if properly credited and accorded significance, would indicate impairment: [Appellant's] admitted ingestion of marijuana; her performance on the tests [Trooper] Rutter administered; and her minor driving infractions."" Appellant's Reply Brief at 4.

. . . Rather than focusing solely on the Romberg test, this [c]ourt had also taken a look at the totality of the circumstances in finding Appellant guilty of driving under the influence.

Trial Court Opinion, 10/5/17, at 8-9 (emphasis original).

It is well settled that the trial court, as factfinder, is free to believe all, part, or none of the evidence adduced at trial. *See, e.g., Konias*, 136 A.3d at 1022. The trial court in this case found Trooper Rutter's testimony to be credible. Because the trial court's credibility determinations are supported by the record, we will not disturb them on appeal.

For the above reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/18